UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22053-CIV-LENARD/GARBER

CARMELO MASTROELI,

    Plaintiff,

v.

BORACK & ASSOCIATES, P.A.,
DAVID E. BORACK et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard. Pursuant to such reference, the Court has received Plaintiff's Verified Motion for Attorneys' Fees and Costs [DE 35], the Response in Opposition [DE 43], held a hearing and conducted an in camera review of the Plaintiff's billing records.

Carmelo Mastroeli sued Borack & Associates, P.A. and David Borack for violations of the Fair Debt Collections and Practices Act (FDCPA). Two days after receiving the complaint, the defendants served an Offer of Judgment on Mastroeli's counsel. Mastroeli accepted the Offer of Judgment, which agreed to pay the Plaintiff's reasonable court costs and attorneys' fees limited to those incurred up to the date of the offer of judgment.

Leo Bueno, Mastroeli's attorney, seeks $3,120 in fees – 7.8 hours at an hourly rate of $400. "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465

1

U.S. 886, 888 (1984). The resulting figure is known as the "lodestar." Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988). There is a "strong presumption" that the lodestar represents the "reasonable" amount of attorneys' fees under a fee-shifting statute, Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986), and upward adjustments are appropriate only in "rare" and "exceptional" circumstances. Id. The circumstances before this Court are neither rare nor exceptional.

The Court has examined Mr. Bueno's unredacted billing sheet and finds that the 7.8 hours he spent representing Mastroeli is reasonable and adequately documented. But, the Court finds that Mr. Bueno's rate of $400 an hour is excessive. The law in the Eleventh Circuit has long been that a court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303. Because of the simple nature of this dispute, the Court finds $250 an hour to be a reasonable rate. Accordingly, Mastroeli is entitled to $1,950 in attorneys' fees.

Mastroeli also seeks $333.33 in costs. These are appropriate. Mastroeli also seeks $125 in costs for his expert witness who testified on the reasonableness of Mr. Bueno's hourly rate. Expert witness fees are generally not allowed as costs. But since courts allow the award of attorneys' fees generated litigating attorneys' fees – so called fees on fees – for fear that to not do so would dilute the initial award, Sheet Metal Workers' Int'l Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC, 237 Fed. Appx. 543, 550 (11th Cir. 2007); Prandini v. National Tea Co., 585 F.2d 47, 53 (3rd Cir. 1978), the Court will award $125 in expert witness fees in this instance.

Accordingly, the Court respectfully recommends that Mastroeli's Motion for Attorneys' Fees and Costs be GRANTED in the amount of $2,408.33.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Joan A. Lenard. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 28th day of July 2009.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE